IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.**

THOMAS E. JORDAN,

    Plaintiff,

v.

JM CUSTOM WOODWORKING INC.,
a Florida Profit Corporation, and
JEREMY MULLIGAN, individually.

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, THOMAS E. JORDAN, [hereinafter referred to as "Jordan" or "Plaintiff"] by and through his undersigned attorney, hereby files this lawsuit against Defendant JM CUSTOM WOODWORKING INC., [hereinafter referred to as "JMCW"], a Florida Profit Corporation, and JEREMY MULLIGAN, individual, and as grounds therefore alleges as follows:

## JURISDICTION

1. This is an action for damages as a result of wages owed and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. §201, et seq. ["The Act"] for unpaid overtime under §207.

2. This court has federal jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

3. Defendant JMCW has a principle place of business located at 1113 48th Street #2, West Palm Beach, FL 33407.

4. This cause of action arose in Palm Beach County, Florida.

5. Palm Beach, Florida is proper venue for this action because Defendant is located in Palm Beach, and at all times material hereto, Plaintiff was employed by and had dealings with Defendant in Palm Beach, Florida.

6. Defendant failed to pay Plaintiff the mandatory wages as required under state and federal law.

7. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

8. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## JOINT EMPLOYER – OPERATIONAL CONTROL

9. At all times relevant hereto, Defendant JMCW engaged in the following: (1) processing paychecks to the Plaintiff, (2) controlling the amount of wage payments made to Plaintiff, (3) providing tax documents to the Plaintiff, (4) directing the work of the Plaintiff.

10. Defendant JMCW is a joint employer of Plaintiff together with Defendant MULLIGAN as that term is defined under the FLSA.

11. At all times relevant hereto, Defendant MULLIGAN had operational control in that he was involved with the day-to-day business operations of Defendant JMCW in that: (i) he oversaw the general management of the company, (ii) oversaw the payroll and finances for the company, (iii) was otherwise responsible for the payment of wages to Plaintiff, and (iv) he was managing member of the corporation. (See Exhibit A – Electronic Articles of Organization)

12. Defendant MULLIGAN is a joint employer of Plaintiff together with Defendant JMCW as that term is defined under the FLSA.

## COMMON ALLEGATIONS

13. Plaintiff was employed with Defendant on or about May 21, 2013 in the position of Supervisor of Cabinetry Shop.

14. Plaintiff's employment with Defendant ended on or about July 22, 2016.

15. At all times, Plaintiff was paid between twenty-five dollars ($25.00) and twenty-eight dollars ($28.00) per hour while employed by Defendant.

16. Plaintiff's job responsibilities included oversight of projects, fabrication of products, supervision of employees on projects and installation.

17. Defendant failed to pay Plaintiff the mandatory wages as required under state and federal law.

18. Plaintiff regularly worked over forty (40) hours in a given work week.

19. Defendant failed to pay Plaintiff overtime as required by Federal law.

20. Plaintiff is a non-exempt employee under the FLSA.

21. Plaintiff was not paid time and one half his hourly rate for hours worked over forty (40) in a work week.

22. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff re-alleges Paragraphs 1 through 22 as set forth herein.

23. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

24. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

25. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

26. Defendant, failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

27. The Defendant's, failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

28. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

29. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

30. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

31. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable

attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

Plaintiff further demands trial by jury.

Dated this 10th day of October 2016.

> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
>
> s/Chelsea Bellew
> Cathleen Scott, Esq.
> Florida Bar No. 135331
> Primary e-mail: CScott@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com
> Chelsea Bellew
> Florida Bar No. 119068
> Primary e-mail: CBellew@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com
> Secondary Address: 101 Northpoint Parkway
> West Palm Beach, FL 33407
> www.ScottWagnerLaw.com