UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 16-CV-81700-BRANNON**

THOMAS E. JORDAN,

    Plaintiff,
v.

JM CUSTOM WOODWORKING, INC., a Florida
Profit Corporation, and JEREMY MULLIGAN,
Individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE**

COMES NOW, Plaintiff, THOMAS E. JORDAN ("Plaintiff"), and Defendants, JM CUSTOM WOODWORKING, INC., a Florida profit corporation and JEREMY MULLIGAN (collectively, "Defendants"), (collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their respective undersigned counsel hereby file this Joint Motion for Approval of Settlement and Stipulation to Dismiss Case With Prejudice, and state the following in support thereof:

Pursuant to *Lynn's Food Stores, Inc. v. U.S*, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled only with the approval of the Court or Secretary of Labor. Bona fide disputes exists between Plaintiff and Defendants in this case regarding Plaintiff's claims for unpaid overtime wages, and Defendants' counterclaims for breach of duty of loyalty, conversion, and unjust enrichment. Defendants dispute liability and deny any wrongdoing in connection with Plaintiff's claim. Plaintiff also disputes liability and denies any wrongdoing in connection with Defendants' counterclaims. However, given the risks and additional expenses

associated with continued litigation of the claims and counterclaims, the Parties have explored, in good faith, settlement possibilities and were able to reach a settlement. The Parties stipulate that the negotiated settlement reached between the Parties represents a "fair" resolution of Plaintiff's FLSA claims, Plaintiff's attorneys' fees and costs, and Defendants' counterclaims.  The Parties also stipulate that the settlement reached between them advances judicial economy.

The Parties further stipulate to the dismissal, with prejudice, of this action of all claims asserted, upon approval by the Court as requested above with each party to bear its own attorney's fees and costs.  The Parties further request this Court retain jurisdiction to enforce the Confidential Settlement Agreement entered into by and between the Parties. The Parties request that the Court's review of this Confidential Settlement Agreement be conducted *in camera* in order to preserve the confidentiality of the agreement, which was a material term. The Confidential Settlement Agreement, which has been sent via email to Chambers as permitted by the Court, includes every term and condition of the Parties' settlement.

WHEREFORE, the Parties respectfully request that this Court enter an Order: (1) approving the terms of the Confidential Settlement Agreement; (2) dismissing this case with prejudice pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the Confidential Settlement Agreement; and (4) denying as moot all pending motions.

Dated this 21st day of March 2017.

| s/Chelsea Bellew<br>Chelsea Bellew, Esq.<br>Florida Bar No. 119068 | s/Meredith Biggs<br>G. Joseph Curley<br>Florida Bar No. 571873 |
|---|---|

| | |
|---|---|
| Primary e-mail: CBellew@scottwagnerlaw.com<br>Secondary e-mail: mail@scottwagnerlaw.com<br>SCOTT WAGNER & ASSOCIATES, P.A.<br>Jupiter Gardens<br>250 South Central Boulevard<br>Suite 104-A<br>Jupiter, FL 33458<br>Telephone:   (561) 653-0008<br>Facsimile:    (561) 653-0020<br>Secondary Address:  101 Northpoint Parkway<br>West Palm Beach, FL 33407<br>www.ScottWagnerLaw.com | Email:  gcurley@gunster.com<br>Secondary:  mjadotte@gunster.com<br>Secondary:  eservice@gunster.com<br>Meredith I. Biggs<br>Florida Bar No. 92263<br>Email:  mbiggs@gunster.com<br>Secondary:  nmiyasato@gunster.com<br>Gunster, Yoakley & Stewart, P.A.<br>777 S. Flagler Drive, Suite 500 East<br>West Palm Beach, FL 33401<br>Telephone:  561-655-1980 |