UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-81700-Civ-Brannon

THOMAS E. JORDAN,

    Plaintiff,

vs.

JM CUSTOM WOODWORKING, INC.,
and JEREMY MULLIGAN,

    Defendants.

_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** is before the Court upon a Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (DE 41). The Court held a fairness hearing on March 27, 2017, at which time the Court approved the parties' settlement agreement. This Order serves to memorialize the Court's findings in this regard.

In this case, Plaintiff alleges that Defendants failed to pay him overtime wages as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (DE 1). Defendants filed an answer generally denying Plaintiff's claims, asserting fourteen affirmative defenses, and lodging counterclaims against Plaintiff for breach of duty of loyalty, conversion, and unjust enrichment (DE 27). Plaintiff moved to dismiss Defendants' counterclaims for lack of subject matter jurisdiction (DE 32). Prior to the Court's ruling on Plaintiff's motion to dismiss, the parties filed the instant motion stating

1

that a settlement was reached to avoid "the risks and additional expenses associated with continued litigation" and in the interest of judicial economy (DE 14 at 1-2). The fully-executed settlement agreement has been submitted to the Court for review.

When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). In scrutinizing the settlement, the Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, a settlement agreement was entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. *Id.*

After an independent review of the record and upon thorough review of the represented parties' fully-executed settlement agreement—the terms of which were discussed more fully on the record at the fairness hearing —the Court concludes that the parties' settlement represents a fair, reasonable, and arms-length resolution of bona fide FLSA and other disputes.

Accordingly, the Court **ORDERS AND ADJUDGES** that the parties' Join Motion (DE 41) is **GRANTED**. The parties' settlement agreement is **APPROVED,** with this Court retaining jurisdiction to enforce its terms, if necessary. All pending motions are

**DENIED AS MOOT**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 27th day of March, 2017.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE